FILED

2014 Nov-20  PM 01:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| AMERICAN SAFETY INDEMNITY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  2:12-cv-02415-SGC |
| | ) | |
| FAIRFIELD SHOPPING CENTER, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

This is an action for a declaratory judgment commenced by American Safety Indemnity Company pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.  American Safety names as defendants Fairfield Shopping Center, LLC, GE Commercial Finance Property Corp., ISAOA (individually and as an assignee of certain insurance claims), Indian Harbor Insurance Company, and United National Insurance Company.[1]  Specifically, American Safety seeks a determination (1) of its rights and duties under an insurance policy issued to Fairfield, and (2) whether insurance policies issued to Fairfield by United National and Indian Harbor afford coverage for losses Fairfield and its mortgagee, GE, purportedly incurred as a result of a single theft on November 20, 2010.  (Doc. 1 at ¶ 2).  Pending is a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure filed by United National.  (Doc. 14).  American Safety has responded (Doc. 22), and United National has replied (Doc. 24).  The undersigned heard oral argument on United National's motion to dismiss on November 3, 2014.  (*See* Docs. 43 & 47;

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to the exercise of full dispositive jurisdiction by the undersigned magistrate judge.  (Doc. 49).

docket entry dated November 3, 2014).  Also pending is a motion for summary judgment filed by Indian Harbor.  (Doc. 36).

For the reasons discussed below, there is no justiciable controversy between American Safety and either United National or Indian Harbor and, therefore, the district court lacks subject matter jurisdiction over American Safety's claims against these defendants.  United National's motion to dismiss is due to be granted, and Indian Harbor's motion for summary judgment is due to be denied as moot.  American Safety's claims against United National and Indian Harbor are due to be dismissed, and United National and Indian Harbor are due to be dismissed as defendants.

## I.      Background

### A.      American Safety's Complaint

In or about August of 2010, Fairfield sought insurance coverage from American Safety for a vacant building located at 6501 E J Oliver Blvd., Fairfield, AL 35064.  (Doc. 1 at ¶ 21). American Safety issued an insurance policy to Fairfield that provided coverage for the vacant property effective September 15, 2010.  (*Id.* at ¶ 24).  American Safety cancelled the policy on February 2, 2011.  (*Id.*).  In addition to its policy with American Safety, Fairfield obtained insurance policies from United National and Indian River.  (*Id.* at ¶¶ 38-39).

On or about November 18, 2011, Fairfield submitted a claim to American Safety for losses totaling $3,464,724.88, purportedly resulting from a single theft that occurred at the vacant property on November 20, 2010.  (*Id.* at ¶ 32).  On or about May 18, 2012, GE, as mortgagee of the vacant property, submitted an identical claim to American Safety.  (*Id.* at ¶ 33). (On September 27, 2011, Fairfield assigned its interest in any insurance claims and the proceeds

thereof to GE.  (*Id.* at ¶ 31).)  American Safety does not allege either Fairfield or GE has submitted a claim to United National or Indian Harbor for the losses in question.  (*See* Doc. 1).

American Safety contends it does not owe coverage for the losses claimed by Fairfield or GE because Fairfield's act and/or omissions voided the policy (*Id.* at Counts I – III & IX), GE breached a condition precedent to coverage under the policy (*Id.* at Count X), and/or the purported losses are excluded by the policy (*Id.* at Counts IV & XIII).  However, American Safety claims to the extent the policy does provide coverage for the losses, insurance policies issued to Fairfield by United National and Indian Harbor may provide duplicative coverage.  (*Id.* at ¶¶ 38-39, Counts VIII & XV).  American Safety contends the United National and Indian Harbor policies may provide primary or, in the alternative, proportional coverage for the losses claimed by Fairfield and GE.  (*Id.* at Counts VIII & XV).  American Safety asks the district court to determine which insurance company owes what amount.  (*Id.* at ¶ 121(h)).

### B. United National's Motion to Dismiss

As grounds for its motion to dismiss,[2] United National contends there is no case or controversy between itself and American Safety, which deprives the district court of subject matter jurisdiction.  (Doc. 14).  United National first argues there is a defect in the parties to this action, citing *Provident Life & Acc. Ins. Co. v. Transamerica-Occidental Life Ins. Co.*, 850 F.2d 1489 (11th Cir. 1988).  (*Id.* at ¶ 5).  United National also contends there is no legal relationship

---

[2] Although United National recites the standard for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, its argument no justiciable controversy exists between itself and American Safety is actually a challenge to the district court's subject matter jurisdiction.  *See Hendrix v. Poonai*, 662 F.2d 719, 722 (11th Cir. 1981) (stating without a justiciable controversy, "the judicial power conferred upon the federal courts by article III may not be exercised").  Therefore, United National's motion to dismiss is properly construed as one brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  *See United States v. Blue Cross and Blue Shield of Alabama, Inc.*, 156 F.3d 1098, 1101 n.7 (11th Cir. 1998) (treating district court's summary judgment ruling as dismissal under Rule 12(b)(1) because "[s]ubject matter jurisdiction is appropriately dealt with by means of a Federal Rule of Civil Procedure Rule 12(b)(1) motion to dismiss.").

between itself and American Safety because Fairfield has not submitted any claim to United National for the losses in question. (*Id.* at ¶ 6).

In response, American Safety contends *Provident Life* actually supports the existence of subject matter jurisdiction in this case and that federal courts have consistently ruled on the merits of declaratory judgment actions seeking determinations of primary versus excess coverage and interpretations of "other insurance" clauses. (Doc. 22 at 6-7). In reply, United National contends the additional cases relied upon by American Safety are distinguishable because the insureds had made claims on the policies at issue in those cases. (Doc. 24 at 2-3).

## II.   <u>Discussion</u>

Federal courts are courts of limited jurisdiction. *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). Article III, Section 2 of the United States Constitution only empowers them to hear "cases" and "controversies." U.S. Const. art. III, § 2; *see also Hendrix v. Poonai*, 662 F.2d 719, 721 (11th Cir. 1981). The Declaratory Judgment Act, 28 U.S.C. § 2201, permits federal courts to declare the rights of parties in cases of "actual controversy." 28 U.S.C. § 2201; *see also Hendrix*, 662 F.2d at 721. The "actual controversy" requirement under the Declaratory Judgment Act mirrors the "case or controversy" requirement under the Constitution. *Provident Life*, 850 F.2d at 1491. The standard for determining either requirement is the same. *Hendrix*, 662 F.2d at 721.

Whether a justiciable controversy exists is determined as of the filing of the complaint, *Atlanta Gas Light Co. v. Aetna Cas. and Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995), and on a case-by-case basis, *Hendrix*, 662 F.2d at 721-22. The determination turns on " 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a

declaratory judgment.'" *Wendy's Intern., Inc. v. City of Birmingham*, 868 F.2d 433, 436 (11th Cir. 1989) (quoting *Maryland Casualty Co. v. Pacific Oil Co.*, 312 U.S. 270, 273 (1941)).  " 'The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests.'" *Hendrix*, 662 F.2d at 721 (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937).  Otherwise put, to be justiciable, a controversy " 'must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop.'" *Wendy's Intern.*, 868 F.2d at 436 (quoting *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967)).  Federal courts cannot issue advisory opinions.  *Thigpen v. Smith*, 792 F.2d 1507, 1514 (11th Cir. 1986). Furthermore,

> [c]ourts have found the case or controversy requirement lacking when the plaintiff has no interest in the case, when the defendant has no interest in the case, when no conflict exists in the case, when there is no adverse claimant, when there is no conflict in the case because of a defect in the parties and when there is no legal relationship between the parties.

*Provident Life*, 850 F.2d at 1491.

### A.    No Justiciable Controversy Between American Safety and United National

Because both United National and American Safety rely heavily on *Provident Life* to support their respective positions on subject matter jurisdiction, the undersigned discusses that case in detail.  The relevant facts of *Provident Life* are as follows: The insured was covered under consecutive group policies issued to his employer by two different insurance companies. 850 F.2d at 1489-90.  The insurer that issued the subsequent policy provided medical benefits to the insured after he was diagnosed with cancer.  *Id.* at 1490.  At some point, the insurance broker for the insured's employer requested that the subsequent insurer shift liability for the insured's medical expenses to the original insurer under an "extension of benefits" provision in the original

policy to reduce the employer's insurance premiums.  *Id.*  To appease the broker, the subsequent insurer obtained a formal denial of liability form the original insurer.  *Id.*  Shortly thereafter, the subsequent insurer determined it was not responsible for the insured's medical bills—although, according to the court, the subsequent insurer never refused to provide benefits to the insured— and requested the original insurer to reconsider its denial of liability.  *Id.* at 1490, 1492.  The original insurer refused, at which point it commenced a declaratory judgment action to determine which insurer was liable for the insured's medical expenses.  *Id.* at 1490.

The Eleventh Circuit found no justiciable controversy between the insurers, reasoning there was a defect in the parties because the plaintiff insurer had not named the insured as a defendant, and that there was no legal relationship between the two insurers.  *Id.* at 1491.  In reaching its conclusion, the court distinguished a Tenth Circuit case finding a justiciable controversy between insurers having no legal relationship on the ground the insured was named as a party to that action.  *Id.* at 1492 (distinguishing *Industrial Underwriters Ins. Co. v. P&A Const. Co.*, 382 F.2d 313, 314 (10th Cir. 1967)).  Furthermore, the Eleventh Circuit rejected another Tenth Circuit case finding a justiciable controversy between insurers even in the absence of the insured as a party to the action, noting "[h]ad the insurers jointed the insured in their action, a definite and substantial controversy would exist. . . ."  *Provident Life*, 850 F.2d at 1492-93 (disagreeing with *United Services Auto. Ass'n v. Royal-Globe Ins. Co.*, 511 F.2d 1094 (10th Cir. 1975)).

Because American Safety has named both the insured, Fairfield, and its mortgagee, GE, as defendants, *Provident Life* does little to support United National's argument that there is a defect in the parties to this action.  United National does not cite authority directly on point to support its argument that there is no justiciable controversy between itself and American Safety

because Fairfield has not made a claim on United National, and the cases cited by American Safety in its response to United National's motion to dismiss do not address the issue directly. *Provident Life* does not resolve the issue because it does not address the issue directly, either.  In any event, the facts of that case reveal a disagreement between and among the insured (more aptly, his employer's insurance broker), the original insurer, and the subsequent insurer as to which insurer owed coverage.  *See* 850 F.2d at 1490-91.[3]  While the undersigned has been unable to locate a case on all fours, the general principles guiding an inquiry whether a justiciable controversy exists suggest there is no case or controversy between American Safety and United National to invoke the district court's subject matter jurisdiction.

First, to support jurisdiction, a controversy must touch the legal relations of the parties. *Hendrix*, 662 F.2d at 721.  It is clear there is no legal relationship between American Safety and United National.  *Provident Life*, 850 F.2d at 1491 (finding no legal relationship between insurers of a common insured).  There may be a legal relationship between Fairfield and United National by operation of the insurance policy issued to Fairfield by United National, but American Safety does not allege it is a party to or a third-party beneficiary of that policy, as would be a requisite to its standing to enforce that policy.  *See Cook v. Trinity Universal Ins. Co. of Kansas*, 297 Fed. App'x 911, 914 (11th Cir. 2008) (Under Alabama law, one who is not a party to or a third-party beneficiary of a contract has no standing to sue for breach of the contract); 13 WILLISTON ON CONTRACTS § 37:1 (4th ed.) (discussing expansion of traditional common-law rule

---

[3] The same is true of the Tenth Circuit case distinguished by the Eleventh Circuit in *Provident Life*. *See Industrial Underwriters*, 382 F.2d at 314 (10th Cir. 1967).  In that case, an insurer brought a declaratory judgment action against its insured seeking a determination of coverage for its insured's liability in an underlying personal injury suit. *Id.* at 314.  The plaintiff insurer had undertaken its insured's defense in the underlying suit under a reservation of rights, while another insurer of the insured had disclaimed liability and refused to defend the insured. *Id.*  The insured joined its other insurer as a third-party defendant. *Id.*  Furthermore, the facts of *United Services Auto Association*, the case in which the Eleventh Circuit surmised a justiciable controversy would have existed had the insured been joined as a party, suggest the insured had made claims on both insurers. 511 F.2d at 1095, 1097. (noting insurers agreed one policy was applicable if other was not, and distinguishing case cited by defendant insurer because "unlike our own case, the insured there did not claim coverage by estoppel").

that only parties in privity of contract could sue on the contract to permit third-party beneficiaries to enforce contracts under certain circumstances). Standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Like the parties in *Provident Life*, American Safety and United National are merely insurers of the same insured.

Second, it does not appear United National had any interest in this case at the time it was commenced. *See Provident Life*, 850 F.2d at 1491 (noting courts have found the absence of a justiciable controversy where defendant has no interest in case). American Safety does not allege Fairfield or GE has called on United National to pay for the losses in question or otherwise contended the United National policy provides coverage for those losses. (*See* Doc. 1). Any argument Fairfield or GE might make a claim on United National if the district court found coverage for their claims under the United National policy calls for the kind of advisory opinion Article III prohibits federal courts from issuing. Likewise, the district court cannot declare the respective obligations of American Safety and United National assuming a hypothetical set of facts under which Fairfield or GE make claims under the United National policy in the future. *See Wendy's Intern.*, 868 F.2d at 436 (controversy cannot be hypothetical, conjectural, conditional, or based on possibility of factual situation that may never develop).

In sum, American Safety seeks a determination of coverage under an insurance policy to which it is a complete stranger and as to which there is no coverage dispute between the actual parties. Under these circumstances, there is no justiciable controversy between American Safety and United National, and the district court is without subject matter jurisdiction to consider American Safety's claims against United National.

**B.**     **No Justiciable Controversy Between American Safety and Indian Harbor**

As grounds for its motion for summary judgment, Indian Harbor argues Fairfield's purported losses occurred four months after the Indian Harbor policy expired, and the first Indian Harbor knew of these losses was when American Safety commenced this action, which does not constitute timely notice under the Indian Harbor policy.  (Doc. 36).  Although Indian Harbor does not argue for dismissal of American Safety's claims against it for lack of subject matter jurisdiction,[4] Indian Harbor cannot waive the issue, and "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *University of South Alabama*, 168 F.3d at 410.  Just as there is no legal relationship between American Safety and United National, there is no legal relationship between American Safety and Indian Harbor.  Furthermore, American Safety has not alleged Fairfield or GE believes the Indian Harbor policy provides coverage for the losses in question, for which reason Indian Harbor had no interest in this case at the time it was commenced.  In short, for the same reasons there is no justiciable controversy between American Safety and United National, there is no justiciable controversy between American Safety and Indian Harbor.  Therefore, the district court lacks subject matter jurisdiction to entertain American Safety's claims against Indian Harbor, and the undersigned does not reach the merits of Indian Harbor's motion for summary judgment.

**III.**     **Conclusion**

Based on the foregoing, the undersigned **FINDS** that United National's motion to dismiss (Doc. 14) is due to be **GRANTED**, that American Safety's claims against United National are due to be **DISMISSED** for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and that United National is due to be **DISMISSED** as a

---

[4] Indian Harbor does state the lack of a justiciable controversy between itself and American Safety as an affirmative defense in its answer.  (Doc. 25 at 7)

defendant.  The undersigned further **FINDS** that American Safety's claims against Indian Harbor are due to be **DISMISSED** for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, that Indian Harbor is due to be **DISMISSED** as a defendant, and that Indian Harbor's motion for summary judgment (Doc. 36) is due to be **DENIED** as **MOOT**.

      **DONE** this 20th day of November, 2014.


_____
STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE