FILED

2016 Jul-29  AM 10:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN SAFETY INDEMNITY COMPANY<br><br>     Plaintiff,<br><br>v.<br><br>FAIRFIELD SHOPPING CENTER, LLC; GE COMMERCIAL FINANCE BUSINESS PROPERTY CORP., ISAOA, individually and as assignee of FAIRFIELD SHOPPING CENTER, LLC<br><br>     Defendants. | CIVIL ACTION No. 2:12-CV-02415-HGD |

**AMERICAN SAFETY INDEMNITY COMPANY'S ("ASIC") MOTION FOR RECONSIDERATION OF ITS MOTION FOR SUMMARY JUDGMENT**

*INTRODUCTION*

ASIC respectfully asks this Court to reconsider its Memorandum Opinion and Order of July 18, 2016 ("Order) because of legal and factual inaccuracies in the ruling and the necessity of correcting errors in order to prevent manifest injustice.

*AUTHORITY FOR MOTION FOR RECONSIDERATION*

A district court retains discretionary authority to revisit its interlocutory orders at any time prior to final judgment. *Harper v. Lawrence County, Ala.*, 592 F.3d 1227, 1231 (11th Cir. 2010); *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 578 F.3d 1283, 1289 (11th Cir. 2009); *Hardin v. Hayes*, 52 F.3d 934, 938 (11th Cir. 1995); *see also* Fed. R. Civ. P. 60(a) and (b).

ASIC seeks reconsideration of the Order and denial of its motion for summary judgment based on A) legal and factual errors of relying on notice to Shomer Insurance Agency as notice to ASIC; B) misapplication of the mortgage clause, which does not apply to GE under the undisputed facts; and C) the application of California Codes that support rescission as to GE.

*ARGUMENTS SUPPORTING RECONSIDERATION OF*
*ASIC'S MOTION FOR SUMMARY JUDGMENT*

**I.    The notice to ASIC was late and the court erred when it relied on notice to FSC's agent which is not notice to an agent of ASIC.**

Under the "Duties in The Event of Loss of Damage" section, ASIC's Policy says: "Give us prompt notice of the loss or damage," and "***as soon as possible***, give us a description of how, when and where the loss or damage occurred."[1] The word "us" is defined on page one of the key endorsement (CP 00 10 04 02) as "the Company issuing the Policy," which was ASIC. The court misapplied the facts and law when it unilaterally relied on notice to Shomer of a loss in late February or March, as notice to ASIC (Order, p. 56). First, Shomer is not the agent of ASIC. This was not notice to ASIC at all or "as soon as possible" of the November 2010 vandalism. Shomer was the insured's own agent. Further, a loss in late February or March would not be within ASIC's policy period.

---

[1] This section serves as the basis for why GE was required to provide notice for each event for which it seeks coverage so should be limited to loss or damages from November 20, 2010. See *B.H.D., Inc. v. Nippon Ins. Co. Eyeglasses*, 46 Cal.App.4th 1137, 1142 (1996) ("If a thief takes several items on a single occasion, there is one occurrence. If a thief commits larceny on each of several successive days, there are many occurrences.")

Reconsideration is warranted as Shomer is not ASIC's agent, factually or legal-
ly. As ASIC is a non-admitted insurer, statutes hold it can only work through its
own licensed surplus line broker identified on ASIC's Policy as AmWins Insur-
ance Brokers of CA to procure the Policy but neither the agent or broker is ASIC
or its agent for notice. *See American Way Cellular, Inc. v. Travelers Property Cas-
ualty Co. of America*, 216 Cal.App.4th 1040, 1052 (2013) (the insured's agent is
not an agent for the insurer).[2] In that case, the trial court granted summary judg-
ment in favor of Travelers. On appeal, the insured tried to argue a triable issue ex-
ists whether the broker that prepared the insurance application was an agent for
Travelers. Like Travelers, ASIC is a surplus line insurer, so it can only act through
designated surplus line agents who must be licensed by the commissioner. "Statu-
torily, an agent is defined as one who is 'authorized, by and on behalf of an insurer,
to transact all classes of insurance' . . . while a broker is 'a person who, for com-
pensation and on behalf of another person, transacts insurance other than life with,
but not on behalf of, an insurer.'" *Id*. (*citing* Ca. Ins. Code §§1631 and 1704). The
Court of Appeal affirmed the summary judgment, as the broker was not an agent of
Travelers. *Id*. at 1043–44.

---

[2] See *Custard Ins. Adjusters, Inc. v. Youngblood Eyeglasses,* 686 So.2d 211 (1996) (explaining
surplus lines insurance coverage is issued when coverage cannot be procured from authorized
insurers); *MJM, Inc. v. Casualty Indem. Exchange*, 481 So.2d 1136, 1143 (1985) (an independent
broker was, in fact, acting as agent for insured, not insurer). FSC worked with its agent Shomer
to submit an application to AmWins who provided it to ASIC so Shomer never acts for ASIC.

Shomer has never been and cannot be ASIC's agent who can only act through its surplus line broker. Contrary to the court's Order, Shomer was not listed on the policy as it was FSC's own agent. ASIC was not provided the report describing an attempted theft of HVAC units until July 13, 2011, and actually did not receive the insured's Proof of Loss noting a November 2010 date until after it was prepared on November 18, 2011. Notwithstanding, those undisputed facts, the Order finds GE, through Varnado, contacted Shomer Insurance Agency on June 8, 2011, who prepared an Acord Property Loss Notice with a date of loss of February 17, 2011.[3] (Order, p. 19). In light of the foregoing, the court cannot rely on a call made to Shomer. Instead, it is clear that the notice to ASIC of an alleged loss within its policy period was not timely made and GE's claim is time barred.

## II.  The mortgage clause does not apply to protect GE as it failed to notify ASIC of the lack of power, which was known to GE.

Worded different than the clause in *Norwest Mortage Inc. v. Nationwide Fire Insurance Company* cited in the Order, ASIC's mortgage clause does not provide GE with rights until all three different conditions are satisfied and only then "All of the terms of this Coverage Part *will then* apply directly to the mortgageholder" (*italics added*). GE had no separate right (to avoid rescission or the safeguard warranty) as it failed to alert ASIC about the lack of power. The third condition in the mortgage clause required GE notify ASIC of "any" substantial change in risk

---

[3] The initial proof of loss sent to ASIC, dated June 8, 2011, was defective as it failed to include a date of an event of loss during the Policy period.

known to GE as only "then" will the mortgage clause "then apply."[4] Focusing on

power alone, it is undisputed that the power was material to ASIC as evidenced by

the Safeguard Warranty endorsement which required "complete working order all

equipment and services pertaining to the operation of the described protective

safeguard." Thus, the failure to have working power services would be a substan-

tial change in risk to ASIC (and one that could void coverage). It is undisputed GE

knew of this risk as the Court's own Order notes, "the January 20, 2011 GlassRat-

ner reports shows the Property had no power." (Order, pp. 12, 50 (*citing* Doc 67)).

The report was received by GE on January 21. (*Order*, p. 12). The condition is not-

ed in GE's own petition for an expedited appointment of a receiver. (*Id.* at 13).

While GE knew the building lacked working power to service the safeguards, GE

failed to inform ASIC, so GE failed to satisfy all conditions to gain the protections

of the mortgage clause.[5]

   The Court's view that there was no timing requirement for disclosures reveals

an error in applying the mortgage clause as no disclosure to ASIC means the mort-

gage clause never applied to GE. As GE did not show it informed ASIC of the lack

---

[4] The step by step evaluation needed to consider GE's rights was reviewed in *General Acc. Ins. Co. of America v. Resolution Trust Corp.* 61 F.3d 910 (1995) which explained "at some point, all the terms of the insurance Policy apply to the mortgage holder, just as if the mortgagee was the insured."

[5] GE knew there was no power and then did nothing to arrange for power and assure the safe-guards were in place when alerted in January 2011. While the court noted, it was less than two weeks before the Policy ended, this does eliminate the condition in the mortgage clause that GE inform ASIC of such changes.

of power, then the benefits of the mortgage clause do not "then apply" to allow GE

to escape the impact of FSC's failure to comply with the warranty and other terms,

which this court already adjudicated against FSC. The impact of a mortgagee's

failure to notify an insurer, such as ASIC, was explained long ago in *Trust Co. of*

*St. Louis County v. Phoenix Ins. Co. of Hartford, Conn.*, 201 Mo. App. 223, 210

S.W. 98 (1919):

> It must follow that when, as in the cases at bar, the plain-
> tiff, though it had knowledge of the change . . . failed or
> neglected to notify the insurers of such change, that the
> mortgage clause agreement cannot be held to be in force
> and effect from and after the time plaintiff had
> knowledge of such change . . . and failed or neglected to
> notify the insurer thereof. In other words, we hold that
> the failure on the part of plaintiff to comply with the con-
> ditions in the mortgage clause suspends the operation of
> the same and leaves in force and effect the provisions of
> the Policy as to the acts on the part of the owner or mort-
> gagor which will operate to forfeit the Policy.

*Id*. at 102 (*citing Ormsby et al. v. Phenix Ins. Co.,* 5 S.D. 72, 58 N.W. 301

(1894); *Gasner v. Metropolitan Ins. Co.,* 13 Minn. 483, 1868 WL 1929

(1868); *Cole v. Germania Ins. Co.,* 99 N.Y. 36, 1 N.E. 38 (1885); *Continen-*

*tal Ins. Co. v. Anderson,* 107 Ga. 541, 33 S.E. 887 (1899); *Galantchik v.*

*Globe Fire Ins. Co.,* 10 Misc. Rep. 369, 31 N.Y. Supp. 32 (1894). It follows

the mortgage clause never applied to GE.

### III.  The policy is void as to GE based on California insurance codes.

In its Order, the court relied heavily on *Norwest Mortgage v. National Mutual Fire Ins. Co.*, 728 So.2d 15 (1998) which relies upon Alabama Code § 27-14-7, which becomes a part of insurance policies issued in Alabama, whereas the ASIC Policy was issued to FSC, a California insured in California so California law should apply as there is a conflict. As noted by Order, the court is "obligated to apply choice of law rules in this diversity action." (Order, p. 23).

ASIC did establish California law mandates a finding of no coverage as to GE as the misrepresentations made by FSC in the Policy's procurement impact GE, too. California Insurance Code §§ 330–359[6] give ASIC a right to rescind the Policy *ab initio* and, unlike Alabama, the insurer has a statutory right to rescission that applies to everyone. Policy language stating coverage is void for fraud or other acts does not diminish the statutory obligation to disclose all material facts in the application process. Cal. Ins. Code § 336; Crosky et al., *Cal. Practice Guide: Insurance Litigation* (The Rutter Group 2013), ¶ 5:169.5, pp. 5–43. At page 47 of the Order, the court erroneously states that ASIC made no attempt to explain why the term "acts" (a term in the mortgage clause) does not include misrepresentations during procurement. ASIC's papers referred to the California Insurance Codes and related

---

[6] See § 330 ("Neglect to communicate that which a party knows, and ought to communicate, is concealment;"); § 331("Concealment, whether intentional or unintentional, entitles the injured party to rescind insurance"); § 359 ("[i]f a representation is false in a material point . . . the injured party is entitled to rescind . . . from the time [it] becomes false.").

cases and did explain that ASIC's right to rescission is statutory and is based on the

undisputed misrepresentations made before the ASIC Policy was issued.[7] Perhaps

it wasn't clear but there is a difference between rescinding a Policy and voiding a

Policy as rescission renders the Policy void from the beginning (*ab initio*), as if it

never existed, while voiding the Policy based on terms or claim conduct operates

to nullify the Policy from some date after its inception.[8] This is further supported

by the mortgage clause in the ASIC Policy, which as noted, states, "All of the

terms of this Coverage Part *will then* apply directly to the mortgageholder." The

mortgagee's rights are not instant and preset but presuppose a valid Policy and op-

erates prospectively. If the California codes allow ASIC to rescind the Policy *ab

initio*, then GE cannot rely on a clause in a Policy that would not have issued and

had not yet been applied. *See* 43 Am.Jur.2d Insurance, §§ 1042–45 (1982) (the

"act" of the insured in the mortgageholder clause is "an act of the insured after the

loss has occurred"); *Brecht v. Law, Union & Crown Ins. Co.*, 160 F. 399, 402 (9th

Cir. 1908) (explaining the right of mortgagee was not affected by subsequent

---

[7] *See* Reply n.7 (*citing L.A. Sound USA v. St. Paul Fire and Marine*, 156 Cal.App.4th 1259, 1270 (2007) (Policy language applies to "statements made *after* the Policy has been issued, not statements made to obtain the Policy"); *Mitchell v. United National Ins. Co.,* 127 Cal.App.4th 457, 473 (2005) (§§ 331 and 359)).

[8] Crosky et al., *Cal. Practice Guide: Insurance Litigation* (The Rutter Group 2013) ¶ 5:249 and 5:148 ("all insureds and beneficiaries may lose their right to coverage and benefits if any insured misrepresents material facts in applying for insurance. [*See TIG Ins. Co. of Michigan v. Home-store, Inc.* (2006) 137 CA4th 749, 756, 40 CR3d 528, 533] (This rule should apply a fortiori to persons named in a property insurance "loss payable" clause (*e.g.*, the insured's creditors, landlords, *etc.*")).

breaches of the insured). The focus on whether the term in the mortgage clause is ambiguous (as the court mused with the term "acts") is irrelevant as the statutory right applies to an earlier point in time so the Policy is void *ab initio* and the issue of whether GE met the conditions is moot and the mortgage clause will never "then apply" at that later point in time.

Under California law, an "innocent insured" does not avoid rescission under section 650. *TIG Ins. Co. of Michigan v. Homestore, Inc.*, 137 Cal.App.4th 749, 756–759 (2006); *Federal Ins. Co. v. Homestore, Inc.*, 144 Fed.Appx. 641, 2005 WL 1926483 (9th Cir. 2005); *James River Ins. Co. v. Diana's Care Home*, 2010 WL 2572859 (ND Cal. 2010).[9] Pursuant to section 650, "the rescission shall apply to all insureds under the contract, including additional insureds, unless the contract provides otherwise." As explained in *TIG Ins. Co. of Michigan v. Homestore, Inc.*, 137 Cal.App.4th 749, 756–759 (2006), misrepresentations by one insured justified insurer's rescission as to all including "innocent" directors and officers. *Federal Ins. Co. v. Homestore, Inc.*, 144 Fed.Appx. 641, 2005 WL 1926483 (9th Cir. 2005). As set forth in *Imperial Casualty & Indemnity Co. v. Sogomonian*, 198 Cal.App.3d 169, 184 (1988), "all rights" are extinguished *ab initio* which would thus include

---

[9] *James River* explains the insured's misrepresentations apply when there is no severability provision in the Policy, pointing to an example of same in *In Re HealthSouth, Corp.,* 308 F.Supp.2d 1253, 1261 (N.D. Ala.2004), which does not exist in the ASIC Policy. It also noted *Watts v. Farmers Ins. Exch.,* 98 Cal.App.4th 1246 (2002), did not apply to this issue since that was not a rescission action but a false claim by one insured that did not bar the legitimate claim of another insured.

GE's rights. Under California law, ASIC's right to rescind exists even if third parties were injured before rescission is affirmed.[10] There is no reason that the broadly worded codes should not apply to GE. Based on reconsideration, the court ASIC properly asserted its statutory right to rescission and this Court should have granted ASIC's motion for summary judgment against GE.

### CONCLUSION

For the reasons set forth above, the Court should grant ASIC's motion for reconsideration and grant summary judgment in favor of ASIC.

Respectfully submitted this 29th day of July, 2016,

**BOVIS, KYLE, BURCH & MEDLIN, LLC**

200 Ashford Center North, Suite 500
Atlanta, Georgia  30338-2668
Tel: (770) 391-9100
Fax: (770) 668-0878
wdavis@boviskyle.com

_s/ William M. Davis_

Steven J. Kyle
  Ga. State Bar No. 430500
_William M. Davis_
  Ga. State Bar No. 721062
(_admitted pro hac vice_)

_Counsel for Plaintiff American Safety Indemnity Company_

### CERTIFICATE OF SERVICE

This is to certify that I served the foregoing _American Safety Indemnity Company's ("ASIC") Motion for Reconsideration of its Motion for Summary Judgment_

---

[10] _Civil Service Emp. Ins. Co. v. Blake,_ 245 Cal.App.2d 196 (1966);  _Allstate Ins. Co. v. McCurry,_ 224 Cal.App.2d 271 (1964). In California, the insurer generally may avoid all liability on the Policy altogether. _Philadelphia Indem. Ins. Co. v. Montes-Harris_, 40 Cal.4th 151, 146 P.3d 1251 (Cal. 2006).

upon all parties using the CM/ECF system which will automatically send e-mail

notification of such filing to the following attorneys of record:

>Stephen A. Rowe
>Aaron G. McLeod
>Adam & Reese, LLP
>2100 Third Avenue North, Suite 1100
>Birmingham, AL  35203

I hereby certify the foregoing has also been served upon the following parties

by placing a true and correct copy of same in the United States Mail with adequate

postage affixed, addressed to the following:

Fairfield Shopping Center, LLC          Cunthia Futter, Esq.
c/o E.M. Gewin                          Futter-Wells, PC
2527 College Street                     2463 Ashland Avenue
Montgomery, AL  36106                   Santa Monica, CA  90405

This 29th day of July, 2016,

**BOVIS, KYLE, BURCH & MEDLIN, LLC**


200 Ashford Center North, Suite 500
Atlanta, Georgia  30338-2668
Tel: (770) 391-9100
Fax: (770) 668-0878
wdavis@boviskyle.com

*s/ William M. Davis*
_____
Steven J. Kyle
   Ga. State Bar No. 430500
*William M. Davis*
   Ga. State Bar No. 721062
(*admitted pro hac vice*)

*Counsel for Plaintiff American Safety
Indemnity Company*