FILED

2016 Aug-09  PM 12:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **AMERICAN SAFETY** | § | |
| **INDEMNITY COMPANY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **2:12-CV-02415-SGC** |
| **v.** | § | |
| | § | **No Oral Argument Requested** |
| **GE COMMERCIAL FINANCE** | § | |
| **BUSINESS PROPERTY CORP., et** | § | |
| **al.,** | § | |
| | § | |
| **Defendants.** | § | |

---

### GE'S RESPONSE TO ASI'S MOTION FOR RECONSIDERATION

---

ASI's motion should be denied because ASI fails to show how any of the errors it purports to find in this Court's 66-page opinion make any difference to the ultimate outcome—that there are material issues of fact as to coverage, which must be tried.

### 1.    ASI has not shown that notice was untimely as a matter of law.

ASI makes much of its assertion that Shomer was not its agent and thus that notice to it was not notice to ASI under the Policy.[1]  But ASI does not explain why this matters.  ASI's corporate representative, Ms. Jean Fisher, testified that the

---

[1] ASI cites no record evidence to support its position that ASI is a surplus-line insurer.  Doc. 84 at 3.

ACORD loss notice that Shomer received was "sent . . . on to the broker, who sent it on to ASI." Doc. 67-26 at 43. Whether or not Shomer was ASI's agent, Shomer provided notice to ASI.

What is more, ASI overlooks the other evidence relied on by the Court, evidence showing that earlier notice was provided, such as the May 2011 phone call from Varnado to ASI, only four months after GE learned of damage. *See* Doc. 72 at 8 n.38. ASI seems to forget that GE was not on notice of the November 2011 damage until late January 2012, as this Court noted. *See* Order at 56.

Even worse for ASI, the Policy does not specify a deadline for providing notice, so this Court held ASI would be required to show "substantial prejudice" due to late notice, under California law. *See id.* at 55.[2] ASI fails to make that showing. ASI does not argue that it suffered "substantial prejudice" by supposedly untimely notice. Even if California law were to apply, ASI's motion points to no evidence that it suffered substantial prejudice by any delay.

In sum, viewing all the evidence in a light favorable to GE, what the Court held is still true: "ASI has not shown notice was untimely as a matter of law, and it is not entitled to summary judgment based on untimely notice of the loss." Order at 57.

---

[2] GE does not concede that California law governs. As shown below, ASI waived any conflict-of-law issue by not raising it in its initial motion for summary judgment. And this Court noted that ASI did not address that issue as it pertains to notice. Order at 55.

**2.      ASI has not shown that GE failed to satisfy the mortgagee clause.**

ASI seems oblivious to the Policy's lack of any specific period of time within which GE would be required to notify ASI of a "change in risk," so even if ASI were right as to the lack of power being a "change" in risk, it does not follow that GE's not notifying ASI, in the two weeks that passed between GE's learning of the lack of power and the end of the Policy period, was a failure to comply with the mortgagee clause.  This Court noted as much in holding that "a jury could reasonably conclude GE did not breach the requirements of the mortgage clause by failing to inform ASI the Property was unsecure and had no power."  Order at 54. Thus, ASI still has not shown how, as a matter of contract interpretation, this "failure" to notify ASI within two weeks was a breach of the conditions of the mortgagee clause.

And what difference would it have made? As this Court recognized, by the time GE first learned of the lack of power to the building in late January 2011, there were less than two weeks left before the Policy's coverage ended.  *See* Order at 54.  ASI had *already decided* to cancel the Policy.  *See id.*  In light of the Policy's not demanding notice in two weeks or less, ASI simply has not shown that, as a matter of law, GE breached this condition of the mortgagee clause.  This Court held as much, and ASI has offered nothing new to prompt the Court to reconsider that decision.

3.    **ASI waived any argument that California law applies, but even if the issue had been preserved, ASI has not explained why the result is any different.**

As GE noted in its motion to strike ASI's reply brief, ASI did not argue for the application of California law in its opening brief in support of summary judgment.  This Court has recognized that a movant cannot hold back arguments in its initial brief, only to ambush an opponent by adding them to a reply brief.  *See, e.g.*, *Cass v. United States*, 2014 WL 1277915, *4 (N.D. Ala. March 27, 2014) (noting that the "general rule" is that a movant may not argue an issue in its reply brief that was not made in its initial brief, either in district court or on appeal, and that the failure precludes consideration by the court) (citing cases); *Hanover Ins. Co. v. Hudak & Dawson Constr.*, 946 F. Supp. 2d 1208, 1213 n.8 (N.D. Ala. 2013) (refusing to consider arguments raised for the first time in the reply brief).

The Eleventh Circuit has specifically noted that choice of law *can* be waived by the parties if they fail to properly present the issue to the district court.  *See, e.g.*, *Wallace v. NCL (Bahamas) Ltd.*, 733 F.3d 1093, 1104 n.10 (11th Cir. 2013) ("The record reflects that the parties **waived** any choice of law issues by agreeing that Florida law applied . . . .") (emphasis added); *OMV Assocs. Ltd. P'ship v. TriMont Real Estate Advisors, Inc.*, 484 F. App'x 299, 303 n.2 (11th Cir. June 5, 2012) (unpublished opinion) (noting that "choice-of-law arguments, if not properly presented to the district court, **are waived**") (citing *Daewoo Motor Am., Inc. v.*

*Gen. Motors Corp.*, 459 F.3d 1249 (11th Cir. 2006)) (emphasis added); *see also Wingard v. Lansforsakringar AB*, 2013 WL 5493177, *9 (M.D. Ala. Sept. 30, 2013) (noting the parties had waived a conflict-of-laws issue by not raising it).

Because ASI did not argue in its initial brief for the application of California law, that argument is waived and should not be considered by the Court in ruling on ASI's motion to reconsider.

Even if ASI had not waived the issue, ASI does not demonstrate that California law matters.  This Court noted that ASI failed, even in its reply brief, to cite on-point California law about a mortgagee's rights under a standard mortgage clause vis-à-vis an insured's misrepresentations.  *See* Order at 46-47.  That failure persists in ASI's motion to reconsider.  ASI does not indicate what California law holds that a misrepresentation by an insured on the insurance application allows the insurer to deny coverage to an innocent mortgagee like GE.  ASI fails to distinguish the *Home Savings* case this Court cited regarding standard mortgage clauses under California law, *see* Order at 43, and does not explain why California law compels a result contrary to the general rule on standard mortgage clauses. *See* 3 *Couch on Insurance* § 65:65 (3d ed.) (noting that an insured's fraud in obtaining a policy does not invalidate the mortgagee's rights to coverage); 44 Am. Jur. 2d *Insurance* § 1044 (2d ed.); G.V.I., Annotation, *Union or standard mortgage clause as relieving mortgagee of mortgagor's breach of conditions at inception of*

*policy or before mortgage clause attached*, 97 A.L.R. 1165 (1935).  If anything

California law seems to align with this general rule.  *See Najah v. Scottsdale Ins.*

*Co.*, 230 Cal. App. 4th 125, 136 (Cal. Ct. App. 2d Dist. 2014) (citing *Home*

*Savings* and noting that where there is a standard mortgage clause, the policy is not

avoided *as to the mortgagee* "by the misconduct of the mortgagor").   ASI's

argument that California law applies—even if it had not been waived—leads to the

same result.  GE's rights under the Policy were unaffected by FSC's malfeasance.

    Accordingly, this Court should deny ASI's motion for reconsideration.


Respectfully submitted,

s/ *Aaron G. McLeod*
Aaron G. McLeod (ASB-8589-A57M
Stephen A. Rowe   (ASB-3804-E65S
Counsel for GE

**OF COUNSEL:**
ADAMS and REESE LLP
1901 6th Ave. N., Ste. 3000
Birmingham, AL  35203
Telephone:  205-250-5000
Fax:  205-250-5034
aaron.mcleod@arlaw.com
steve.rowe@arlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of August, 2015, a copy of the foregoing was served via the Court's CM/ECF filing system on the following counsel of record.

James R. Bussian
MAYNARD COOPER & GALE PC
1901 6th Avenue North, Suite 2400
Birmingham, AL 35203-2618
205-254-1000
205-254-1999 (fax)
jbussian@maynardcooper.com

Steven J. Kyle
William R. Davis
BOVIS KYLE & BURCH LLC
200 Ashford Center North
Suite 500
Atlanta, GA 30338-2668
678-338-3939
770-668-0878 (fax)
kyle@boviskyle.com
wdavis@boviskyle.com

*s/ Aaron G. McLeod*
OF COUNSEL