# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN SAFETY INDEMNITY COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No.: 2:12-cv-02415-SGC ) |
| FAIRFIELD SHOPPING CENTER, LLC, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION and ORDER

This matter is before the court on Plaintiff American Safety Indemnity Company's ("ASIC") Motion for Reconsideration of its Motion for Summary Judgment. (Doc. 84). Defendant GE Commercial Finance Business Property Corporation ("GE") opposes the motion. (Doc. 86). For the reasons stated below, ASIC's motion is **DENIED**.

A district court has broad discretion to reconsider, revise, or amend its interlocutory orders. *See Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000). "The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact.  []  A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." *Smith v.*

*Ocwen Fin.*, 488 Fed. Appx. 426, 428 (11th Cir. 2012) (citing *Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007)).

## I. Analysis

ASIC asserts reconsideration is warranted due to legal and factual errors in the court's July 18, 2016 Memorandum Opinion and Order denying in part its motion for summary judgment (the "July 18 Order"). (Doc. 84 at 1). Specifically, ASIC contends the court erred by (1) relying on notice to Shomer Insurance Agency ("Shomer") as notice to ASIC, (2) applying the Policy's[1] mortgage clause to protect GE, and (3) failing to find the Policy void as to GE based on California law. (Id. at 2). The court addresses each of these contentions in turn.

### A. Notice to Shomer Insurance Agency

ASIC argues "[t]he court misapplied the facts and law" by relying on a phone call to Shomer in late February or early March 2011 as notice to ASIC and asserts this error warrants reconsideration of the court's July 18 Order.[2] (Doc. 84 at 2-4). As an initial matter, the court acknowledges it erred by referring to Shomer as the insurance agent identified in the Policy. (*See* Doc. 82 at 56). Shomer is not identified in the Policy but instead is identified in FSC's application

---

[1] Terms capitalized in this Memorandum Opinion are consistent with the capitalized terms in the July 18 Order.

[2] The court's statement in the July 18 Order about GlassRatner's phone call to Shomer referred to a call GlassRatner made to Shomer in late February or early March 2011 regarding a loss at the Property, rather than a call regarding a loss that occurred in late February or early March. (*See* Doc. 82, p. 56; Doc. 67-25, p. 50).

2

for insurance. (Doc. 67-2; Doc. 67-5 at 2). Despite this factual error, the court finds reconsideration is not warranted.

First, ASIC could have raised its arguments regarding the notice to Shomer before the court entered its July 18 Order. In GE's opposition to ASIC's motion for summary judgment, GE relied on GlassRatner's call to Shomer in late February or early March to argue ASIC received notice of a loss at the Property weeks after GE learned of the loss. (*See* Doc. 72, p. 24-25). ASIC did not directly respond to that argument in its reply brief but instead stated "ASIC was first notified in May 2011 of the loss involving an attempted theft on November 20, 2010" and argued it is entitled to summary judgment based on the six-month delay in receiving notice of the loss. (Doc. 77, p. 11). In its reply brief, ASIC did not assert Shomer was not its agent or argue notice to Shomer could not be equated with notice to ASIC. (*See* Doc. 77). Because ASIC's arguments regarding notice to Shomer could have been raised in its reply brief, the court will not entertain them now. *See Ocwen Fin.*, 488 Fed. Appx. at 428.

Moreover, even if GlassRatner's call to Shomer is not considered, the court concludes ASIC still did not meet its burden of establishing notice of the loss was untimely as a matter of law. Viewing the evidence in the light most favorable to GE, as required at this stage in the litigation, GE first learned of a loss at the Property on January 21, 2011. (*See* Doc. 67-27, p. 16). ASIC acknowledged in its

reply brief it was notified in May 2011 of a loss at the Property.  (Doc. 77, p. 11; s*ee also* Doc. 67-27, p. 34; Doc. 67-31, p. 67).  Thus, ASIC received notice of the loss approximately four months after GE first learned of it.  ASIC did not point to any binding authority holding a four-month delay in notice was unreasonable as a matter of law.  (*See* Doc. 67-1, p. 30 n.119; Doc. 77, pp. 11-12, n.24).[3]  Additionally, under California law, an insurer must show the delay in notice caused substantial prejudice before it will be excused from its obligations under an insurance policy.  *See Safeco Ins. Co. of America v. Parks*, 170 Cal. App. 4th 992, 1103-04 (Cal. App. 2009) (citations omitted).  ASIC has not pointed to evidence establishing that, as a matter of law, it was substantially prejudiced by the delay in receiving notice of the loss.  (*See* Doc. 67-1, pp. 29-30; Doc. 77, pp. 11-12).

As the party moving for summary judgment, ASIC bears the burden of showing there are no issues of material fact and it is entitled to judgment as a matter of law.  *E.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The court finds ASIC did not meet its burden of showing it is entitled to summary judgment based on the untimely notice of the loss.  Therefore, reconsideration of the court's July 18 Order is not warranted.

---

[3] In its reply brief ASIC cited one case, *Phoenix Assurance Co. v. Harry Harless Co.*, 303 F.Supp. 867 (N.D. Ala. 1969), in which this court found an insured's four-month delay in giving notice of a loss was untimely as a matter of law.  That case, however, is not binding authority.  Additionally, in *Phoenix Assurance Co.*, the burden was on the insured to show it gave notice of the loss "as soon as practicable."  *Id.* at 868.  Here, the burden is on ASIC, not the insured, to show there is no issue of fact regarding the timeliness of the notice of the loss.

B. <u>Application of the Policy's Mortgage Clause</u>

ASIC asserts the court erred by applying the mortgage clause to GE because GE did not satisfy all of the conditions required to gain the protection of the Policy's mortgage clause. (Doc. 84, pp. 4-6). The court is not persuaded.

The mortgage clause in the Policy provides in pertinent part as follows:

> If [ASIC] den[ies] [FSC's] claim because of [FSC's] acts or because [FSC has] failed to comply with the terms of this Coverage Part, the mortgageholder will still have the right to receive loss payment if the mortgageholder:
>
> . . .
>
> (3) Has notified [ASIC] of any change in ownership, occupancy, or substantial change in risk known to the mortgageholder.
>
> All of the terms of the Coverage Part will then apply directly to the mortgageholder.

(Doc. 67-2, pp. 24-25).

ASIC argues the mortgage clause does not apply to GE because GE did not inform ASIC of a substantial change in risk. Specifically, ASIC asserts GE has no separate rights under the mortgage clause because GE failed to notify ASIC the Property lacked power. (Doc. 84, p. 5). The record shows GE first learned the Property had no power on January 21, 2011. (*See* Doc. 67-13, p. 7; 67-27, p. 16; Doc. 73-1, p. 24). By that time, ASIC had already decided to cancel the Policy and had informed GE the Policy would be cancelled, effective February 2, 2011—less than two weeks after GE learned the Property had no power. (*See* Doc. 67-9).

5

There is nothing in the mortgage clause or Policy requiring GE to give notice of a change in the risk within two weeks. (*See* Doc. 67-2). Once the Policy ended on February 2, there could be no substantial change in the risk insured and, therefore, no requirement for GE to notify ASIC of a change in risk. Thus, the court concludes ASIC has not established there is no coverage for GE's claim under the Policy as a matter of law because GE failed to notify ASIC the Property had no power.

Additionally, viewing the evidence in favor of GE, GE did not learn of any change in the risk insured until after the loss occurred. Therefore, at the time of the loss, GE had no knowledge of a substantial change in the risk insured and no duty under the mortgage clause to notify ASIC of a change. ASIC did not cite any cases in which a court held a mortgage clause did not apply to a mortgagee when the mortgagee first learned of a change in ownership, occupancy, or risk insured after the loss had already occurred and did not inform the insurer of the change. Rather, in the case relied upon by GE, the mortgagee learned of a change in ownership of the property insured approximately eight months before the loss occurred. *See Trust Co. of St. Louis County v. Phoenix Ins. Co. of Hartford, Connecticut*, 210 S.W. 98 (Mo. App. 1919).[4] In *Trust Co. of St. Louis County*, the

---

[4] In the cases cited in *Trust Co. of St. Louis County*, the mortgagee also learned of a change in ownership or risk insured prior to a loss, or the evidence indicated the mortgagee or his agent learned of the change prior to the loss. *See Ormsby v. Phenix Ins. Co. of Brooklyn*, 58 N.W. 301

Missouri Court of Appeals held "the mortgage clause agreement cannot be held to be in force and effect from and after the time plaintiff had knowledge of such change of ownership and failed or neglected to notify the insurer thereof." *Id.* at 102. Based on that holding, the mortgage clause was in effect before the mortgagee had knowledge of the change in ownership. Thus, if a loss occurred before the mortgagee had knowledge of the change, the mortgage clause could protect the mortgagee even if the mortgagee later learned of a change in ownership or risk and failed to notify the insurer of the change. As a result, *Trust Co. of St. Louis County* does not persuade the court that the Policy's mortgage clause cannot apply to GE when GE did not learn of a substantial change in risk until after the loss had already occurred at the Property.

Viewing the evidence in the light most favorable to GE and construing the Policy in favor of coverage, the court finds ASIC did not meet its burden of proving the mortgage clause cannot apply to GE as a matter of law. As a result, reconsideration of the court's July 18 Order is not warranted.

C. <u>Application of California Law</u>

Finally, ASIC asserts reconsideration of the July 18 Order is warranted because California law mandates a conclusion that GE's claim is not covered under

---

(S.D. 1894); *Gasner v. Metropolitan Ins. Co.*, 13 Minn. 483 (Minn. 1868); *Cole v. Germania Fire Isn. Co.*, 1 N.E. 38 (N.Y. App. 1885); *Continental Ins. Co. v. Anderson*, 33 S.E. 887 (Ga. 1899); *Galantchik v. Globe Fire Ins. Co.*, 31 N.Y.S. 32 (N.Y. 1894).

the Policy based on FSC's procurement misrepresentations. (Doc. 84, pp. 7-10; s*ee also* Doc. 77, pp. 4-5). The court disagrees.

ASIC argues the Policy is void *ab initio* as to both FSC and GE under California law because California statutes grant ASIC the right to rescind the Policy due to FSC's procurement misrepresentations. (*Id.*). Just as in its reply brief in support of its motion for summary judgment, however, ASIC does not cite any California case law addressing if a standard mortgage clause in an insurance policy is void as a result of an insured's procurement misrepresentations. (*See Id.*; s*ee also* Doc. 77, pp. 4-5).

ASIC did not dispute that the mortgage clause in the Policy is a standard mortgage clause, which "creates a separate contract with the mortgagee, so that the mortgagee's interest cannot be affected by any act of the mortgagor." Cal. Ins. Law Handbook § 65:43 (citing *Mosee v. Fireman's Ins. Co. of Newark*, 262 P. 436, 437 (Cal. App. 1927)); *see also Int'l Surplus Lines Ins. Co. v. Assoc. Comm. Corp.*, 514 So. 2d 1326, 1327 (Ala. 1987). Accordingly, a standard mortgage clause is fundamentally different than a simple or open loss payable clause in an insurance policy because a simple loss payable clause only creates a right of payment that is "derivative of and no greater than, the rights of the named insured." Cal. Ins. Law Handbook § 65:43; s*ee also* 44 Am. Jur. 2d Ins. § 1042 (recognizing difference between a standard mortgage clause and a simple or open loss payable clause). As

8

a result, case law interpreting a party's rights under a simple loss payable clause does not necessarily apply to a mortgagee's rights under a standard mortgage clause.[5]

Additionally, because a standard mortgage clause creates a separate contract between an insurer and mortgagee, an insurer does not necessarily have a right to rescind its contract with the mortgagee even if the insurer has a right to rescind the insurance policy as to the mortgagor. Indeed, "the prevailing view is that the union or standard mortgage clause protects the mortgagee against any act or neglect of the mortgagor at the inception of the policy or before the mortgage clause is attached thereto." 44 Am. Jur. 2d Ins. § 1043 (citations omitted); s*ee also* Couch on Ins. 3rd ed. § 65:65 (recognizing that a standard mortgage clause "makes a new contract between the insurer and mortgagee, which is unaffected by the misrepresentations or false statements of the mortgagor . . . , of which the mortgagee is ignorant, whereby the insurance never became valid as to the mortgagor"). In other words, the majority view is that when an insurance policy contains a standard mortgage clause, misrepresentations in a mortgagor's

---

[5] ASIC's citation noting "the 'act' of the insured in the mortgageholder clause is 'an act of the insured after the loss has occurred'" quotes a section of American Jurisprudence, Second Edition dealing with simple loss payable or open mortgage clauses, rather than standard mortgage clauses. *See* 44 Am. Jur. 2d Insurance § 1042; Doc. 84 at 8. Likewise, the insurance policy at issue in the Ninth Circuit case cited by ASIC, *Brecht v. Law, Union & Crown Ins. Co.*, 160 F. 399 (9th Cir. 1908), contains a simple loss payable, or open, mortgage clause instead of a standard mortgage clause. *Id.* at 401-03. Thus, the authority cited by ASIC does not persuade the court the term "acts" as used in the Policy's mortgage clause cannot mean misrepresentations FSC made in its insurance application.

application for insurance do not necessarily void the contract between the insurer and mortgagee even when the misrepresentations render the policy void *ab initio* as to the mortgagor. The California statutes and case law cited by ASIC do not mandate a different result.

Under the California Insurance Code, an insurer has a right to rescind an insurance policy if an insured conceals or misrepresents material facts in an insurance application. Cal. Ins. Code §§ 330-31 & 359. The Insurance Code also provides "[t]he rescission shall apply to all insureds under the contract, including additional insureds, <u>unless the contract provides otherwise</u>." *Id.* at § 650 (emphasis added). Consistent with § 650, California case law cited by ASIC recognizes that, in the context of Directors & Officers liability coverage, an insurance policy may contain a severability provision such that a concealment or misrepresentation in the insurance application by one officer or director would not be imputed to other officers or directors. *See TIG Ins. Co. of Michigan v. Homestore, Inc.*, 137 Cal. App. 4th 749, 759 (Cal. App. 2006). Therefore, under California law, an insurance policy may be void *ab initio* as to some insureds as a result of the insurer's statutory right to rescind the policy but still provide protection as to other insureds.

Based on the prevailing view of standard mortgage clauses, the Policy's mortgage clause provides that rescission of the Policy as to FSC does not automatically rescind or void ASIC's contract with GE under the mortgage clause

even though the Policy is void *ab initio* as to FSC. Because ASIC did not cite any California law addressing a mortgagee's rights under a standard mortgage clause, it has not shown California would not follow the prevailing rule regarding standard mortgage clauses. As a result, ASIC has not met its burden of showing the Policy is void as to GE as a matter of law, and reconsideration of the court's July 18 Order is not warranted.

## II. Conclusion

For the reasons discussed above, ASIC's motion for reconsideration (Doc. 84) is **DENIED**.

**DONE** this 12th day of September, 2016.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE